**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4234
_____

JAMES T. MOORE,

Appellant

v.

ERIC K. SHINSEKE, SECRETARY OF THE UNITED
STATES DEPARTMENT OF VETERAN AFFAIRS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-10-cv-04463)
District Judge: Hon. Mary A. McLaughlin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 8, 2012

BEFORE: SCIRICA, GREENAWAY, JR. and COWEN,  Circuit Judges

(Filed: July 3, 2012)
_____

OPINION
_____


COWEN, Circuit Judge.


Plaintiff, an African-American male, alleges that defendant retaliated against him

for making a complaint to the Equal Employment Opportunity Commission (EEOC) and discriminated against him on the basis of his race and gender in violation of Title VII, 42 U.S.C. § 2000e. The District Court granted defendant's motion for summary judgment and dismissed plaintiff's claims. We review a grant of summary judgment *de novo* and apply the same standard as the district court. *Kopec v. Tate*, 361 F.3d 772, 775 (3d Cir. 2004). Under that standard, we conclude that there are no genuine issues of material fact and will affirm the District Court's judgment. *Id.*

   **(A)**   Plaintiff alleges that defendant issued a notice of proposed removal ("removal notice"), which was later reduced to a 14-day suspension, in retaliation for plaintiff's EEOC complaint regarding defendant's investigation and personnel action relating to sexual harassment allegations against plaintiff.  To establish a claim of retaliation in violation of Title VII, plaintiff must demonstrate that (1) he engaged in protected activity, (2) defendant took an adverse employment action against him, and (3) there was a causal connection between the adverse action and protected activity. *Nelson v. Upsala Coll.*, 51 F.3d 383, 386 (3d Cir. 1995). The parties dispute only whether there was a causal connection between plaintiff's EEOC complaint and the defendant's issuance of the removal notice.

   Plaintiff relies on the temporal proximity between his informal EEOC complaint, made on April 9, 2008, and the issuance of the removal notice on June 24, 2008 to establish a *prima facie* case of causation. "'[T]emporal proximity between the protected activity and the [adverse action] [can be itself] sufficient to establish a causal link.'"

2

*Williams v. Philadelphia Hous. Auth. Police Dep't*, 380 F.3d 751, 760 (3d Cir. 2004) (citations omitted). However, "where 'the temporal proximity is not so close as to be unduly suggestive,' we have recognized that 'timing plus other evidence may be an appropriate test . . . .'" *Thomas v. Town of Hammonton*, 351 F.3d 108, 114 (3d Cir. 2003) (quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 513 (3d Cir. 2003) (internal quotation marks omitted)). Here, the protected activity is plaintiff's complaint to the EEOC, not the EEOC's dismissal of the complaint, as urged by plaintiff. Drawing all reasonable inferences in favor of plaintiff, defendant was not aware of the EEOC complaint until April 29, 2008, almost two months before the removal notice was issued. Two months is not so close to be unduly suggestive of causation. *Williams*, 380 F.3d at 760. There is no additional evidence suggesting that defendant issued the removal notice because of plaintiff's EEOC complaint. Accordingly, there is no basis from which to infer a causal link. Plaintiff's retaliation claim was properly dismissed by the District Court.

**(B)**    Plaintiff also alleges that the proposed removal and 14-day suspension were motivated by plaintiff's race and gender and, therefore, discriminatory in violation of Title VII. For a claim of race or gender discrimination, plaintiff must establish a *prima facie* case by demonstrating (1) he is a member of a protected class, (2) he is qualified for the job, (3) defendant took an adverse employment action, and (4) the circumstances surrounding the adverse action support an inference of discrimination based on the plaintiff's protected class. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253-54 (1981). The parties dispute only whether the circumstances give rise to an inference of

3

discrimination.

Plaintiff relies on comparator evidence to establish an inference of discrimination. Whether a comparator is truly similarly-situated to the plaintiff is an issue of law. *See, e.g., Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 645-46 (3d Cir. 1998). Here, the comparators are not similarly-situated to plaintiff because of their positions held, the comparators' conduct that was the subject of the investigation and who it targeted, their willingness to cooperate in the investigation, and whether the allegations were substantiated. As a result, the defendant's treatment of them, even if more favorable than that of plaintiff, does not support an inference of discrimination. Plaintiff's argument highlights no other evidence from which to draw an inference of discrimination; therefore, plaintiff's claims for race and gender discrimination were properly dismissed.

**(C)** Even assuming plaintiff established a *prima facie* case for any of these claims, plaintiff has not come forward with evidence that defendant's proffered non-discriminatory reason—that allegations of sexual harassment against plaintiff were substantiated and the action taken was disciplinary—are pretextual. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Even if defendant had been mistaken in relying on the investigation of the allegations against plaintiff, that mistake is not sufficient to "disbelieve the employer's articulated reasons." *Fuentes v. Perksie*, 32 F.3d 759, 764 (3d Cir. 1994). Likewise, there is no evidence from which to infer that a "discriminatory reason was more likely than not a motivating or determinative cause of the employer's action," particularly considering the paucity of evidence supporting an inference of

4

discrimination in the first instance. *Id.* As a result, plaintiff's claims were properly dismissed on this basis as well.

The judgment of the district court entered on October 25, 2011 is affirmed.